**Nasser U. Abujbarah (026182)**
The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Rd., Ste 9
Scottsdale, Arizona 85257
Office: (480) 776-6846
Fax: (480) 776-6847
Email: nasser@nualegal.com

*Attorney for Debtors*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:09-30105-GBN |
| Rene G. Madrid and Monica Madrid, | Chapter 13 |
| Debtors. | **DEBTORS' RESPONSE TO MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| US Bank National Association, and its successors and/or assignees, | |
| Movant, | Re: Real Property Located at 2916 North 79th Drive Phoenix, Arizona 85033 |
| Vs. | |
| Rene G. Madrid and Monica Madrid, Debtors, | |
| Respondents. | |

TO THE HONORABLE GEORGE B. NIELSEN, UNITED STATES BANKRUPTCY

JUDGE, THE SECURED CREDITOR, SECURED CREDITOR'S COUNSEL, THE

TRUSTEE AND OTHER INTERESTED PARTIES:

1

1    The complexity of the matter as to whom the party is that has standing in this matter the

2    response is for more pages than prescribed by the Local Rules and Debtor moves the Court for

3    acceptance of the additional pages.

4    Debtors, Rene and Monica Madrid (herein referred to as "Debtors"), by and through

5    undersigned counsel, Nasser U. Abujbarah, respond to US Bank's (hereinafter referred to as

6    "alleged secured creditor") Motion for Relief from the Automatic Stay.

7    This Court must first determine whether or not alleged secured creditor has standing to

8    lift the automatic stay in this bankruptcy. If the alleged secured creditor is not the true holder

9    in due course, then the alleged secured creditor would have no interest in the matter, no

10   standing.

11   Moreover, if the alleged secured creditor has standing by assignment, the alleged

12   secured creditor would have no more right than the first mortgagee. The argument for denying

13   alleged secured creditor's motion is set out more particularly in the attached Memorandum of

14   Points and Authorities, which is attached hereto and made a part herein by this reference.

RESPECTFULLY SUBMITTED this 1st day of March 2010.

**The Law Offices of Nasser Abujbarah**

By___/s/Nasser U Abujbarah_____

Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Rd., Ste 9, Scottsdale, Arizona 85257

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

1. Debtors admit that on or about the 20th day of November 2009, Debtors filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. Debtors acknowledge this Court has jurisdiction of the above matter, and that pursuant to Bankruptcy Rule 9014, the Motion has commenced a contested matter.

3. Without the prescribed documentation of 12 U.S.C. § 2605, Debtors upon information and belief, believe that Movant is not the true holder in due course.

4. Movant holds forth that the debt is in default and has accelerated; therefore debt is not subject to 11 U.S.C. § 1322 as to the principal residence. Moreover in 11 U.S.C. § 506 only an over-secured creditor is entitled to attorneys' fees and costs. (See Senate Report No. 95-989 at the end of § 506).

5. Movant has not complied with Local Rule 4001-1(b).

## II. ARGUMENT

1. Standing:

It is most unlikely that US Bank has standing as holder in due course. This Court should require the alleged secured creditor to produce the prescribed documentation of 12 U.S.C. § 2605.

2. Amount Claimed in Motion:

Debtors have been making prescribed payments post-petition to the trustee. And if the alleged secured creditor is the senior lien holder, then as such, is subject to *United Savings Association of Texas v. Timbers of Inwood Forest Associates Ltd.,* 108 S. Ct. 626, 484 U.S. 365, 98 L. Ed. 2d 740. This case addresses the argument of lack of adequate protection of an interest in proper conjunctively "or" with the second element of the two prong test:

|  |  |
|---|---|
| 1 | (A) the debtor does not have an equity in such property; **and** |
| 2 | (B) such property is not necessary to an effective reorganization. |

Thus the argument is that equity may be substantiated by the fact that the periodic payments made by trustee's results in a decrease in the value of such entity's interest in the property. Moreover, the alleged secured creditor still holds the lien to said property.

*Timbers*, also set out that the property is necessary to an effective reorganization:

> See § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a responsible possibility of a successful reorganization within a reasonable time."

*Timbers*, also provides for the argument regarding that a secured creditors lien on property is subject to bifurcation if the claim is under secured, under § 506. The mortgagee retains the lien on the real property for the amount of the current fair market value. The rights of the mortgagee are retained and not modified. Only the method of payment of the full claim is at issue. Part of the claim, the secured portion, has standing to be paid before any unsecured claim, in full; the unsecured portion is paid like any other unsecured debt.

The Senate committee notes at the end of § 506, seeing ahead, that a time could arise that the principal residence could become under secured and provided that the "Court should address the issue case by case."

Movant here has missed that the test is a two prong test. Most Courts have held that adequate protection is a question of fact. Congress has meant to encourage reorganization as better than Chapter 7 for relief of the wage earner. Congress explicitly stated that value was to be considered a flexible concept "to permit the courts to adopt to varying circumstances and

4

changing modes of financing." *In Re Ray O Martin v. United States of America,* 781 F. 2d 472.

The Court in this case further stated: "…adequate protection, must also be determined on a case by case basis, permitting the debtors maximum flexibility in structuring a proposal for adequate protection."

### III. CONCLUSION

The alleged secured creditor wants to lift the stay although debtor has made payment provisions for cure and future payments under the Plan. The Court in *Timber* states:

> Section 362(d)(1) is only one of a series of provisions in the Bankruptcy Code dealing with the rights and secured creditors. The language in those other provisions, and the substantive dispositions that they effect, persuade us that the "interest in property" protected by § 362(d)(1) does not include a secured party's rights to immediate foreclosure.

Moreover, this Court needs to establish the Movant's standing in this matter. Finally, if principle residence is lost as property of the estate; then as stated in *Timber* there would not be any viable purpose for "reorganization."

This Court should deny the alleged secured creditor's motion for all of the above stated reasons.

RESPECTFULLY SUBMITTED this 1st day of March 2010.

        **The Law Offices of Nasser Abujbarah**

        By____/s/Nasser U Abujbarah_____

        Nasser U. Abujbarah
        The Law Offices of Nasser U. Abujbarah
        7025 E. McDowell Rd., Ste 9, Scottsdale, Arizona 85257

| | |
|---|---|
| 1 | Filed this 1st day of March 2010 with: |
| 2 | |
| 3 | The U.S. Bankruptcy Court – District of Arizona |
| 4 | COPY of the foregoing Mailed this 1st day of |
| 5 | March 2010 to: |
| 6 | The Office of the US Trustee 230 North 1st Avenue |
| 7 | Phoenix, Arizona 85003 |
| 8 | Mark S. Bosco Tiffany & Bosco |
| 9 | 2525 East Camelback Road 3rd Floor |
| 10 | Phoenix, Arizona 85016 |
| 11 | |
| 12 | Rene and Monica Madrid 2916 North 79th Drive Phoenix, Arizona 85033 |
| 13 | |
| 14 | By <u>Fernando M. Figueroa</u> |